```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MONA C. TURNER,
                                                ANSWER
              Plaintiff,
                                                07 CV 10642
      -against-

ELVIN A. ORTEGA and
LAWRENCE UNITED EXPRESS,

              Defendants.                       Jury Demanded
-----------------------------------X
```

Defendants, ELVIN A. ORTEGA and LAWRENCE UNITED EXPRESS, by their attorneys, BRAND GLICK & BRAND, P.C., answering the Complaint of the plaintiff, allege as follows:

FIRST:   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the complaint designated "1", and "9".

SECOND:  Admit as to each and every allegation contained in the paragraph of the complaint designated "2", "6" and "7".

THIRD:   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph of the complaint designated "3", "4", "5" and "8" and refer all questions of law to this Honorable Court.

FIFTH:   Deny each and every allegation contained in the paragraphs of the complaint designated "10", "11", "12", "13", "14", "15" and "16".

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

SIXTH:   That plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

SEVENTH:  That plaintiff did not sustain serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York and plaintiff's exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

EIGHTH:   The plaintiff's causes of action are barred by Article 51, Section 5104 of the Insurance Law of the State of New York.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

NINTH:   The plaintiff failed and neglected to properly utilize, adjust and/or fasten automobile safety and/or seat belts which were available to plaintiff, or should have been available, thereby increasing plaintiff's injuries and/or damages.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

TENTH:   In the event that plaintiff recovers a verdict or judgment for damages herein, the amount of said verdict or judgment must be reduced by the proportion which the culpable conduct attributable to the plaintiff, including assumption of risk, bears to the culpable conduct which allegedly caused the damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

ELEVENTH: That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545 (c) of the CPLR.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

TWELFTH: That the Court does not have jurisdiction over the person of the defendant herein, in that the summons and complaint was not personally served upon the defendant, nor was service otherwise effected in compliance with the provisions of the Federal Rule of Civil Procedure.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

THIRTEENTH: Defendant reserves the right to claim the protections, benefits and limitation on liability set forth under Article 16 of the CPLR.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

FOURTEENTH: That the plaintiff failed to mitigate her damages.

    WHEREFORE, answering defendants demand judgment dismissing the complaint herein, together with the costs and disbursements of this action, together with such other and further relief as is proper.

Dated:    Garden City, New York
           December 3, 2007

                                      BRAND GLICK & BRAND P.C.

                                      By:_____
                                      HEATHER HAMMERMAN (HH 6404)
                                      Attorneys for Defendant(s)
                                      600 Old Country Road, Suite 440
                                      Garden City, New York  11530
                                      (516) 746-3500
                                      File No.: 36-5237

TO:    SCOTT INWALD, ESQ.
        Attorney for Plaintiff
        2125 Center Avenue, Suite 110B
        Fort Lee, New Jersey 07024
        (201) 346-2080

**ATTORNEY'S AFFIRMATION**

HEATHER HAMMERMAN, an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms to the truth under the penalties of perjury:

That I am an associate in the law firm of BRAND GLICK & BRAND, P.C., the attorneys for defendants in the within action; that affiant has read the foregoing ANSWER and knows the contents thereof; that the same is true to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and that those matters affiant believes to be true. Affiant further says that the reason this Affirmation is not by defendants is that they do not reside within the County wherein affiant maintains his office.

The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements of the defendants and affiant's own general investigation into the facts and circumstances of this action.

DATED:   Garden City, New York
         December 3, 2007

_____
HEATHER HAMMERMAN

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    ss.:
COUNTY OF NASSAU    )

   Barbara McQuale, being duly sworn, deposes and says:

   Deponent is not a party to this action, is over 18 years of age and resides at Huntington Station, New York.

   That on the 3rd day of December, 2007 deponent served the within **ANSWER** upon:

TO: SCOTT INWALD, ESQ
    Attorney for Plaintiff
    2125 Center Avenue, Suite 110B
    Fort Lee, New Jersey 07024
    (201) 346-2080

the addresses designated for that purpose, by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in a post office - official depository under the exclusive care and custody of the United States Postal Service within New York State.

BARBARA McQUALE
File No.: 36-5237

Sworn to before me this
3rd day of December, 2007.


Notary Public